Judge's Copy

FILED
DES MOINES, IOWA
00 JUN 30 PM 3: 14
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| PATRICK NEPTUNE, | : | NO. 4-00-CV-90328 |
| Plaintiff, | : | COMPLAINT |
| vs. | : | |
| CITY OF URBANDALE, and BRAD ZAUN, | : | |
| Defendants. | : | |

COMES NOW the Plaintiff, Patrick Neptune, by and through his attorneys, Jeffrey M. Lipman of Lipman Law Firm, P.C., 8450 Hickman Road, Suite 16, Clive, Iowa 50325, Ted E. Marks, 2404 Forest Drive, Des Moines, Iowa 50312, and Charles W. Hendricks of Lipman Law Firm, P.C., and for this cause of action, states:

I. INTRODUCTION

1. That this complaint arises out of a claim based on equal protection class of one, malicious prosecution and unconstitutional customs and practices. The Plaintiff, Patrick Neptune, is an African-American who, at all times material to the allegations in this Complaint, resided in Urbandale, Iowa. Patrick Neptune was falsely accused of harassing the Mayor of Urbandale and was subsequently charged with harassment, despite the complete lack of

1

Pleading #

evidence to support the charge. The Defendants had a history of charging Patrick Neptune with various crimes that were ultimately dismissed. Patrick Neptune brings suit against the City of Urbandale for allowing and promoting the pattern and practice of unconstitutional race based traffic stops. Patrick Neptune brings this action against Brad Zaun for malicious prosecution and equal protection.

## II. JURISDICTION AND VENUE

2. That this is a civil rights case brought under Title 42 U.S.C. Section 1983 and State of Iowa common law. Plaintiff claims that the Defendants hereto acted under color of law in both the official and individual capacities (individual for purposes of 42 U.S.C. section 1983). Federal question jurisdiction is predicated on 28 U.S.C. 1331. This Court further has supplemental (pendent) jurisdiction to hear claims brought under State of Iowa common law.

3. That venue is properly laid in the Southern District of Iowa pursuant to 28 U.S.C. section 1391, in that this is a civil action by a non-resident Plaintiff which is brought in the Federal Judicial District where the acts complained of occurred and damages resulted.

## III. PARTIES

4. That Plaintiff, Patrick Neptune, at all material times hereto was a resident of Urbandale, Iowa.

5. That Defendant, City of Urbandale, at all material times hereto, employed the other named Defendants who acted under color of state law. City of Urbandale is being named for employing certain customs and practices which are both discriminatory and unconstitutional.

6. That Defendant, Mayor Brad Zaun, at all material times hereto, was the Mayor of Urbandale. Zaun acted under color of state law with regard to the allegations set forth herein.

IV. STATEMENT OF FACTS

7. That Plaintiff repleads the allegations contained in Paragraphs one (1) through six (6) above and incorporates the same as if fully set forth herein.

8. That on or about October 12, 1998, Plaintiff was the subject of a traffic stop.

9. That Plaintiff had a history of being stopped and harassed by Urbandale police officers.

10. That Plaintiff believed he was stopped because he was black.

11. That Plaintiff called the Brad Zaun at home shortly after the traffic stop.

12. That Plaintiff was complaining about the traffic stop and the racial profiling he believed was occurring.

13. That the following day, Plaintiff filed a formal complaint and hand-delivered a copy to Brad Zaun.

14. That on November 4, 1998, Brad Zaun filed a complaint with the Urbandale Police Department alleging Plaintiff was harassing him.

15. That two telephone calls to the Mayor at his home allegedly served the basis of the complaint.

16. That the real basis of the complaint was to silence Plaintiff's criticism of the Urbandale Police department and its racially motivated practices.

17. That an arrest warrant was issued on the Mayor's complaint and Plaintiff was arrested.

18. That the charges were dismissed, because as a matter of law the allegations could not support a claim of harassment.

## V. FIRST CAUSE OF ACTION
## EQUAL PROTECTION CLASS OF ONE

19. That Plaintiff repleads the allegations contained in Paragraphs one (1) through eighteen (18) above and incorporates the same as if fully set forth herein.

20. That the Brad Zaun targeted and singled out Plaintiff.

21. That Brad Zaun used the power of his office and the power of the Urbandale police department to retaliate against Plaintiff for exercising his First Amendment rights.

22. That Brad Zaun used the power of his office and the power of the Urbandale police department because Plaintiff criticized him and the Urbandale police department.

23. That the tactics used by Brad Zaun were the proximate

cause of Plaintiff's damages.

24. That Plaintiff suffered damages.

25. That the Defendant's conduct was intentional and deliberately indifferent to Plaintiffs' civil rights and was so outrageous that it warrants an award of punitive damages.

WHEREFORE, Plaintiff requests that judgment be entered in favor of the Plaintiff and against the Defendants for compensatory damages, punitive damages where available, reasonable attorney fees, court costs, interest at the maximum legal rate and such other and further relief as the Court deems equitable in the premises.

## VI. SECOND CAUSE OF ACTION
## MALICIOUS PROSECUTION

29. That Plaintiff repleads the allegations contained in Paragraphs one (1) through twenty-eight (28) above and incorporates the same as if fully set forth herein.

30. That Brad Zaun caused criminal charges to go forward against Plaintiff.

31. That Brad Zaun forced the city prosecutor to proceed with the charges even though there was no factual basis for the crimes charged.

32. That Brad Zaun forced the prosecution to go forward in order to better position himself for potential civil litigation.

33. That the charge was dismissed by pretrial Motion and hearing.

5

34. That the Ruling found as a matter of law the facts alleged did not support a claim of harassment.

35. That the instigation of charges was the result of malice by Defendant Zaun.

36. That the Defendants used the legal process solely for personal reasons and not for its intended use, which is to bring criminals to justice.

37. That the actions of the Defendants was a proximate cause of the damages to Plaintiff, including unjust arrest and imprisonment and the deprivation of Plaintiff's fundamental civil rights; humiliation, embarrassment, and severe mental and emotional distress; expenses incurred in defending criminal charges; damages affecting Plaintiff's reputation, and livelihood; and exposure to public hatred, contempt, and ridicule.

38. That as a direct result, Plaintiff was damaged as set out above.

39. That the Defendants' conduct was intentional and egregious and was done with callous disregard of Plaintiff's civil rights to justify an award of punitive damages.

WHEREFORE, Plaintiff requests that judgment be entered in favor of the Plaintiff and against the Defendants for compensatory damages, punitive damages where available, reasonable attorney fees, court costs, interest at the maximum legal rate and such other and further relief as the Court deems equitable in the premises.

## XI. THIRD CAUSE OF ACTION - MUNICIPAL LIABILITY: PATTERN AND PRACTICE FAILURES IN SUPERVISION, DISCIPLINE AND REMEDIAL ACTION

40. That Plaintiff repleads the allegations contained in Paragraphs one (1) through thirty-nine (39) above and incorporates the same as if fully set forth herein.

41. That there is an existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the employees of the City of Urbandale Police Department including, but not limited to:

    a. profile stops;

    b. race discrimination toward members of minority groups in their treatment during searches, arrests, investigations and harassment;

    c. false arrests, false imprisonment and false prosecutions, especially against minorities.

41. That the City of Urbandale has exhibited deliberate indifference to, or tacit authorization of, such conduct by the City of Urbandale Police Department's policy making officials after actual and/or constructive notice to the officials of that misconduct through:

    a. complaints lodged through internal affairs;

    b. complaints lodged directly to the Chief of Police and/or Mayor of Urbandale;

    c. failing to supervise, counsel and/or discipline those who violate the constitutional rights of citizens;

    d. failing to adequately train and educate law enforcement officers even after the problems became

known.

42. That the City of Urbandale has failed to take sufficient remedial action.

43. That Plaintiff was injured by acts pursuant to the governmental entity's custom in that the custom was the moving force behind the constitutional violations.

44. That such failures proximately caused injury to the Plaintiff.

WHEREFORE, Plaintiff requests that judgment be entered in favor of the Plaintiff and against the Defendants for compensatory damages, reasonable attorney fees, court costs, interest at the maximum legal rate and such other and further relief as the Court deems equitable in the premises.

_____
Jeffrey M. Lipman
LIPMAN LAW FIRM, P.C.
8450 Hickman Road, Suite 16
Clive, IA 50325
(515) 276-3411
Fax: (515) 276-3736

_____
Ted E. Marks
TED E. MARKS LAW OFFICE
2404 Forest Drive
Des Moines, IA 50312
(515) 282-0021
Fax: (515) 282-1328

_(signature)_
Charles W. Hendricks
LIPMAN LAW FIRM, P.C.
8450 Hickman Road, Suite 16
Clive, IA  50325
(515) 276-3411
Fax:  (515) 276-3736

ATTORNEYS FOR PLAINTIFF

Original filed.

Copies to:

Patrick Neptune

PLAINTIFF

Brad Zaun
City of Urbandale

DEFENDANTS