IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION



PATRICK NEPTUNE,                    *

        Plaintiff,                  *       NO. 4-00-CV-90328

v.                                  *       MEMORANDUM IN SUPPORT OF
                                            DEFENDANTS' MOTION FOR
CITY OF URBANDALE and               *       SUMMARY JUDGMENT
BRAD ZAUN,
                                    *
        Defendants.

---

## TABLE OF CONTENTS

I.      INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1
II.     FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2
III.    STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3
IV.     LEGAL ANALYSIS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4
        A.    QUALIFIED IMMUNITY . . . . . . . . . . . . . . . . . . . . . .   4
        B.    FIRST CAUSE OF ACTION . . . . . . . . . . . . . . . . .   5
              1. Equal protection . . . . . . . . . . . . . . . . . . . . . . .   5
              2. First Amendment . . . . . . . . . . . . . . . . . . . . . .   7
        C.    SECOND CAUSE OF ACTION -- Malicious Prosecution
              . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9
        D.    THIRD CAUSE OF ACTION – Failure to Supervise,
              Discipline . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10
V.      CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   11

## I. INTRODUCTION

This lawsuit arises out of Plaintiff's arrest for harassment of Urbandale Mayor, Brad

Zaun (Zaun).  Plaintiff purports to bring his claims under Title 42 U.S.C. §1983.  His

Complaint contains three Causes of Action:

        1.      Equal Protection Class of One

        2.      Malicious Prosecution



3.    Municipal Liability: Pattern and Practice Failures in Supervision, Discipline and Remedial Action.

Defendants are entitled to qualified immunity as to all of these Causes of action because no material factual issues exist regarding whether Plaintiff's Constitutional rights were violated.

## III.    FACTUAL BACKGROUND

On October 16, 1998, Plaintiff was stopped by a Urbandale police officer who gave him a citation for driving on the wrong side of the road.  Around 1:30 a.m., Plaintiff called Brad Zaun, mayor of Urbandale, at his home.  Plaintiff used profane language and called Zaun derogatory names.  Zaun asked Mr. Neptune to calm down, but he did not, so Zaun terminated the call.  Plaintiff also admits calling the Zaun residence on another date. Plaintiff used similar language and called Zaun derogatory names on that occasion also.

Zaun has young children and was concerned for the safety of his family.  In past dealings he and other City representatives have had with Plaintiff, he had known Plaintiff to be unstable and volatile. It was this fear that caused him to report Plaintiff's call to the Urbandale Police Department.

The county attorney made the determination to charge Plaintiff with harassment in violation of Iowa Code section 708.7.  Polk County District Associate Judge Gregory Brandt found probable cause for the charge and issued an arrest warrant for Plaintiff.  On December 20, 1998, Plaintiff was arrested for interference with official acts and harassment.  The harassment charge was subsequently dismissed when Polk County District Associate Judge Carol Egly granted Plaintiff's Motion to Dismiss.

### III.    STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure authorizes summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Far from being a "disfavored procedural shortcut," summary judgment is a useful tool for disposing of insubstantial claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Nagle v. Merrill Lynch, Pierce, Fenner, & Smith, Inc.*, 790 F.Supp. 203, 205-06 (S.D. Iowa 1992). As noted by the Supreme Court in *Celotex*:

> the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

477 U.S. at 322.  Furthermore, "[w]here the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate." *Boyle v. Anderson*, 68 F.3d 1093, 1097 (8th Cir. 1995).

In ruling on a motion for summary judgment, the court construes the material facts and reasonable inferences therefrom in the light most favorable to the nonmoving party. *See Brandt v. Davis,* 191 F.3d 887, 891 (8th Cir. 1999); *F.D.I.C. v. Bell,* 106 F.3d 258, 266 (8th Cir. 1997) (Longstaff, J. dissenting).  Nonetheless,

> [w]hen the moving party has carried its burden under Rule 56(c). . . the nonmoving party must come forward with specific facts showing that there is a <u>genuine issue for trial</u> . . .Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.

3

*Matsushita Elec. Inc. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1985) (quotations and footnote omitted) (emphasis in original); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (party opposing properly supported summary judgment motion may not rest upon pleading but must instead set forth specific facts that show that there is a genuine issue for trial).

## IV.    LEGAL ANALYSIS

### A.    QUALIFIED IMMUNITY

Qualified immunity shields government actors from liability in civil lawsuits when "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982). Thus, courts begin this analysis with an examination of whether the plaintiff has alleged the violation of a constitutional right. *Moorman v. Thalacker*, 83 F.3d 970, 972 (8th Cir. 1996). If not, the complaint must be dismissed. *Id.* The question of qualified immunity requires more than a determination that a particular right is "clearly established" in the abstract. See *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 3039 (1987); *Reece v. Groose*, 60 F.3d 487, 491 (8th Cir. 1995). Instead, courts examine whether reasonable officials could have believed their actions violated clearly established law, given the information available to the officials at the time of the arrest. *Reece*, 60 F.3d at 491.

Where there has been no violation of an arrestee's constitutional rights, officials are entitled to qualified immunity. *Thomas v. Dickel*, 213 F.3d 1023, 1026 (8th Cir. 2000). As discussed below, because the undisputed facts in this case establish that Plaintiff's rights

were not violated, qualified immunity shields Defendants from liability in this case.

## B.    FIRST CAUSE OF ACTION

### 1.    Equal Protection

In order to state a valid claim for violation of 42 U.S.C. §1983, Plaintiff must establish that his constitutional rights were violated. *Whiting v. Traylor*, 85 F.3d 581 (11th Cir. 1996) (to state § 1983 claim, plaintiff must point to specific federal right); *Hodge v. Jones*, 31 F.3d 157 (4th Cir. 1994) (if there is no violation of a federal right, there is no basis for a civil rights action under §1983). Thus, if Plaintiff cannot establish that his rights were violated, the §1983 count must be dismissed.

Plaintiff alleges that he was "targeted and singled out" by Zaun. In general, the Equal Protection Clause requires that state actors treat similarly situated people alike. See *Klinger v. Department of Corrections*, 31 F.3d 727, 731 (8th Cir. 1994), cert. denied, 513 U.S. 1185 (1995). State actors may, however, treat dissimilarly situated people dissimilarly without running afoul of the protections afforded by the clause. *Id.* Thus, Plaintiff must as a threshold matter demonstrate that Zaun treated him less favorably than similarly-situated citizens on account of his membership in a protected class. See *Keevan v. Smith*, 100 F.3d 644, 647-48 (8th Cir. 1996).

A plaintiff may bring an equal protection claim as a "class of one" where she alleges "that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000) (per curiam); *Costello v. Mitchell Public School Dist.*, 79, 266 F.3d 916, 921 (8th Cir. 2001); *Albiero v. City of Kankakee*, 246 F.3d 927 (7th

Cir. 2001). The equal protection clause provides remedy when powerful public official picks on a person out of sheer vindictiveness; to prevail on claim based on such discrimination, which results in creation of a "class of one," Plaintiff must demonstrate that government is treating unequally those individuals who are prima facie identical in all relevant respects, and that the cause of the differential treatment is totally illegitimate animus toward Plaintiff by Zaun. *Id.*

The fact that plaintiff is a member of a disfavored class is not enough to prove intentional discrimination. *Hedges v. Poletis*, 177 F.3d 1071, 1076 (8th Cir. 1999) citing *Batra*, 79 F.3d 717, 721 ("[T]he relevant prerequisite is unlawful discrimination, not whether plaintiff is part of a victimized class."); *Phillips v. Fisher*, 445 F.Supp. 552, 556 (D.Kan.1977) ("The mere fact that plaintiffs are [members of a disfavored group] does not automatically entitle them to claim that anything that has happened to them has happened because they are [members of that group].").[1]

Plaintiff argues that racial animus motivated Zaun to report Plaintiff's call to the Police Department. Plaintiff has presented no evidence of any persons similarly situated to himself who were treated differently. There exists no evidence in this case that Zaun intentionally discriminated against Plaintiff by reporting Plaintiff's call to the Police Department. This was the first time a constituent had called Zaun at home, swearing, in the very early hours of the morning, to complain about a traffic citation or any other issue.

---

[1] Iowa courts apply the same analysis under the equal protection provisions of both the federal and state Constitutions." *Sherman v. Pella Corp*, 576 N.W.2d 312, 317 (Iowa 1998); *Suckow v. NEOWA FS, Inc.*, 445 N.W.2d 776, 778 (Iowa 1989). Thus, Defendants' analysis of Plaintiffs' section 1983 claim applies with the same force and effect to Plaintiffs' equal protection claim under the Iowa Constitution.

## 2.    First Amendment

Plaintiff alleges that Zaun's report based on his early morning call to Zaun's residence infringed upon Plaintiff's free speech rights.  To establish a claim of retaliation based on Plaintiff's speech, Plaintiff must show that he was engaged in constitutionally protected activity, that Zaun's adverse action caused him to suffer an injury which would "chill a person of ordinary firmness from continuing ... in that activity," and that the adverse action was motivated in part by Plaintiff's exercise of his constitutional rights. *Id.* See also *Gassler v. Wood*, 14 F.3d 406, 409 (8th Cir. 1994) (plaintiff required to establish that policy objected to resulted in "chill" of communication).  Plaintiff's argument fails on many levels.

First, Zaun's report to the Police Department could not have resulted in any infringement on Plaintiff's speech.  Zaun's did nothing more than report the incident.  It was the decision of the county attorney to charge Plaintiff with a crime.  Zaun had no involvement with the county attorney's decision to charge Plaintiff.  Moreover, if the county attorney had not chosen to file charges, Plaintiff would never have known about Zaun's report.  Thus, his report did not in any way infringe upon Plaintiff's First Amendment rights.

Second, Plaintiff's early morning call to Zaun's residence during which he used profanity and called Zaun derogatory names was not protected speech.  The Supreme Court has recognized:

> Allowing the broadest scope to the language and purpose of the Fourteenth Amendment, it is well understood that the right of free speech is not absolute at all times and under all circumstances.  There are certain well-defined and narrowly limited classes of speech, the prevention and punishment of which has never been thought to raise any Constitutional problem.  These include

the lewd and obscene, the profane, the libelous, and the insulting or 'fighting' words--those which by their very utterance inflict injury or tend to incite an immediate breach of the peace.   It has been well observed that such utterances are no essential part of any exposition of ideas, and are of such slight social value as a step to truth that any benefit that may be derived from them is clearly outweighed by the social interest in order and morality. 'Resort to epithets or personal abuse is not in any proper sense communication of information or opinion safeguarded by the Constitution, and its punishment as a criminal act would raise no question under that instrument.'

*Chaplinsky v. State of New Hampshire*, 315 U.S. 568, 572-73, 62 S.Ct. 766, 769 (1942)

citing *Cantwell v. Connecticut*, 310 U.S. 296, 309, 310, 60 S.Ct. 900, 906 (1940).

Further, Plaintiff has presented no evidence that Zaun's decision to report the early-morning call with the Police Department caused a "chill" on any protected activity.  Plaintiff himself continued to complain about the ticket.  He later sent a disparaging letter about the City of Urbandale and the Police Department's alleged harassment of him to various unnamed members of the Urbandale community and various media outlets, and he has filed this lawsuit, clearly exercising his First Amendment rights.

In addition, the undisputed evidence in this case shows that the reason Zaun reported Plaintiff's call was not Plaintiff's exercise of his rights.  Zaun (while mayor and while on the Urbandale City Council), other Urbandale City Council members, and officials at the Urbandale Police Department had received frequent communication from Plaintiff, both written and oral, over the previous 15 years.  Despite this, Zaun had never taken any action to prevent Plaintiff from filing complaints, from mailing letters to the Urbandale community regarding his allegations of harrassement, or any other manner of exercising his First Amendment rights.

Zaun reported the call because Plaintiff called him in the early morning hours, used profanity and called Zaun names. Zaun felt harassed and concerned for his family's safety.

The undisputed evidence in this case shows that Plaintiff has failed to satisfy the requirements for establishing that Zaun's report was in retaliation for Plaintiff's exercise of his First Amendment rights. Plaintiff has failed to show a violation of constitutional rights, thus he can state no claim pursuant to section 1983. Summary judgment is therefore appropriate as to Plaintiff's first cause of action.

**C.    SECOND CAUSE OF ACTION -- Malicious Prosecution**

Plaintiff alleges that Zaun forced the prosecution of Plaintiff to go forward for personal reasons - to better position himself for potential civil litigation. The elements of malicious prosecution are as follows: (1) a previous prosecution; (2) instigation of that prosecution by the defendant; (3) termination of that prosecution by acquittal or discharge of the plaintiff; (4) want of probable cause; (5) malice on the part of the defendant for bringing the prosecution; and (6) damage to the plaintiff. *Wilson v. Hayes*, 464 N.W.2d 250, 259 (Iowa 1990). The basis of an action for malicious prosecution consists of the wrongful initiation of an unsuccessful civil or criminal proceeding with malice and without probable cause. *Yoch v. City of Cedar Rapids*, 353 N.W.2d 95, 101 (Iowa App. 1984); *Sarvold v. Dodson*, 237 N.W.2d 447, 448 (Iowa 1976). Courts do not favor malicious prosecution actions and, therefore, such actions are strictly construed against the plaintiff. *Wilson*, 464 N.W.2d 259.

9

Zaun did not cause the prior prosecution. It is true that a person who does not initiate a criminal prosecution may procure that initiation by convincing the county attorney to file. "Convincing" in this context means influence through direction, request, or pressure so that the person's conduct was the *determining factor* in the decision to file charges. See *Rasmussen Buick-GMC, Inc. v. Roach,* 314 N.W.2d 374, 376 (Iowa 1982). However, it is not enough to sustain a malicious prosecution action that the person gives information to the county attorney he believes to be true and the county attorney freely chooses to file charges based on that information. *Id.* Something more is requires to "cause" a prosecution. Moreover, the person providing the information is not liable even though the information proves to be false and his belief is one that a reasonable person would not believe. *Id.* Plaintiff has presented no evidence that Zaun played any role in the county attorney's decision to file charges against Plaintiff.

Plaintiff must also show that Zaun acted with actual or express malice. *Reen v. Linn County,* 425 N.W.2d 684, 686 (Iowa App. 1988). Malice in this context means the Defendant acted primarily with ill-will, hatred, or other wrongful motive. *Id.* Malice may not be inferred here; Plaintiff must make an affirmative showing Zaun acted primarily with ill will, hatred, or other wrongful motive. *Id.* No evidence of malice exists in the record.

## D.    THIRD CAUSE OF ACTION – Failure to Supervise, Discipline

Plaintiff alleges that the City "exhibited deliberate indifference to, or tacit authorization of," the Police Departments's alleged pattern of unconstitutional misconduct. The alleged misconduct is profile stops and race discrimination toward minorities in searches, arrests, investigations imprisonment, and prosecutions.

A plaintiff may establish municipal liability under section 1983 by proving that his or her constitutional rights were violated by an " 'action pursuant to official municipal policy' or misconduct so pervasive among non-policymaking employees of the municipality 'as to constitute a "custom or usage" with the force of law.' " *Ware v. Jackson County*, 150 F.3d 873, 880 (8th Cir.1998) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018 (1978)).   A section 1983 action will not lie against police supervisory officers for failure to prevent police misconduct, absent a showing of direct responsibility for the improper action. *Rizzo v. Goode*, 423 U.S. 362, 373-77, 96 S.Ct. 598, 605-07 (1976) (city officials not liable under §1983 for misconduct of police officers in absence of any showing that city officials had taken an "affirmative part" in violating plaintiff's constitutional rights). A general allegation of administrative negligence fails to state a constitutional claim cognizable under section 1983.  See *Rizzo*, 423 U.S. at 370-377, 96 S.Ct. at 603-607. Respondeat superior does not impose liability upon a municipality. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197, 1203 (1989).

Plaintiff has presented no evidence that would allow a jury to reasonably conclude that the alleged injury inflicted upon Plaintiff was due to the execution of a policy or custom adopted by the lawmakers of the City.  Thus, summary judgment is appropriate as to Plaintiff's third cause of action. See *Rizzo*, 423 U.S. at 370-377, 96 S.Ct. at 603-607.

## VI.    CONCLUSION

Plaintiff has failed to present any evidence to show that his constitutional rights have been violated.  There exists no evidence of a person similarly situated who was treated differently by Zaun.  Nor has he shown that he engaged in protected speech for

which Zaun retaliated against him.  Plaintiff has similarly failed to produce any evidence

that Zaun caused Plaintiff's prosecution for harassment or that, if he did, Zaun did so out

of ill will, hatred, or other wrongful motive.  Finally, Plaintiff has failed to produce any

evidence that the alleged injury inflicted upon Plaintiff was due to the execution of a policy

or custom adopted by the lawmakers of the City of Urbandale.  Therefore, summary

judgment is appropriate.


GREFE & SIDNEY, P.L.C.

By _____
         Guy R. Cook

By _____
         Donna R. Miller

2222 Grand Avenue, P.O. Box 10434
Des Moines, IA  50306
Telephone:  515-245-4300
Telefax:  515-245-4452

ATTORNEYS FOR CITY OF URBANDALE AND
BRAD ZAUN


Copies to:

Jeffrey M. Lipman
Charles W. Hendricks
Lipman Law Firm, P. C.
8450 Hickman Road, Suite 16
Clive, Iowa 50325


12

PROOF OF SERVICE

The undersigned certified that the foregoing instrument was served upon all parties to the above cause by service upon each of the attorneys of record herein at their respective addresses disclosed on the pleadings on the _10th_ day of _December_, 2001.

By:          ✕   U. S. Mail            _____ Fax
           _____ Hand Delivered      _____ Overnight Courier
           _____ Federal Express     _____ Other: _____


Signature: _Shar Cox_

13